Dear Chief Wesley:
This office is in receipt of your request for an. opinion of the Attorney General in regard to receiving compensation as the director of E911 for Livingston Parish Communications District while serving as police chief for the City of Denham Springs.
You state that you are the appointed Chief of Police for the City of Denham Springs in civil service. You also state that as the director of the Parish Communication District you oversee the day-to-day operations of E911 which entails coordination of assignments, implementation of software and equipment, hearing citizen's complaints, public education and quality control. For the latter position you have received no compensation except a per diem for attendance at monthly meetings as a member of the Livingston Parish Communication District.
Accordingly, you ask whether you can receive compensation from the parish communication district while being paid as Chief of Police by the City of Denham Springs.
We note in R.S. 33:9101 the governing authority of any parish may by ordinance create communications districts which shall be a political subdivision of the state. When a district is created in a parish, the governing authority may appoint a board of commissions or may serve as the governing authority of a district, and has the City of employ such employees as deemed necessary.
Pertinent to your inquiry are the provisions of R.S. 42:63 (E) which provide as follows:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment
in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these. (Emphasis added.)
Therefore, there would be no prohibition as am appointed Chief of Police in holding a "part-time" appointive office or employment in the government of this State or a political subdivision thereof. However, "full-time" and "part-time" must be determined in accordance with the definitions set forth in R.S. 42:62 (4) and (5) of the dual officeholding statute which provide as follow:
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
We hope this sufficiently answers your inquiry, but if we can be further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bb